UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GARTH HENRIKSEN,

Plaintiff,

vs.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,

Defendant.

______________________________________)

**COMPLAINT**

The Plaintiff, Garth Henriksen ("HENRIKSEN"), by and through the undersigned counsel, hereby sues Prudential Insurance Company of America ("PRUDENTIAL") and alleges:

**PRELIMINARY ALLEGATIONS**

1. "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, prejudgment and postjudment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2. HENRIKSEN was at all times relevant a plan participant under the Telephone and Data Systems, Inc. Group Long Term Disability Policy, Group No.: 80608 (LTD Plan).[1]

3. Defendant, PRUDENTIAL, is a corporation with its principal place of business in the State of New Jersey, authorized to transact and transacting business in the Southern District of Florida. PRUDENTIAL is the insurer of benefits under the Telephone and Data Systems, Inc. LTD Plan and acted in the capacity of a plan administrator. As the decisionmaker and payor of plan benefits, PRUDENTIAL administered the claim with a conflict of interest and the bias this created affected the claims determination.

4. The PRUDENTIAL LTD Plan is an employee welfare benefit plan regulated by ERISA, established by Telephone and Data Systems, Inc. under which HENRIKSEN was a participant, and pursuant to which HENRIKSEN is entitled to Long Term Disability benefits ("LTD benefits").

5. Pursuant to the terms and conditions of the LTD Plan, HENRIKSEN is entitled to LTD benefits for the duration of his disability, for so long as HENRIKSEN remains disabled as required under the terms and conditions of the LTD plan.

6. Venue is proper in this district under 29 USC 1132 (e)(2), in that defendant, PRUDENTIAL, is authorized to and is doing business within the Southern District of Florida.

## CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

[1] A copy of the Telephone and Data Systems, Inc. LTD Plan is attached hereto as Exhibit "A."

7. HENRIKSEN incorporates by reference all preceding paragraphs as though fully set forth herein.

8. At all times relevant, HENRIKSEN was an employee or former employee of Telephone and Data Systems, Inc and a plan participant under the terms and conditions of the LTD Plan.

9. Prior to disability, HENRIKSEN worked as a Network Specialist for Telephone and Data Systems, Inc.

10. During the course of HENRIKSEN's employment, HENRIKSEN became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while HENRIKSEN was covered under the LTD Plan, HENRIKSEN suffered a disability rendering him disabled as defined under the terms of the LTD Plan.

11. The LTD Plan defines disability to mean: You are disabled when Prudential determines that: (1) you are unable to perform the material and substantial duties of your regular occupation due to your sickness or injury; and (2) you have a 20% or more loss in your indexed monthly earnings due to that sickness or injury. After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury: (1) you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training, or experience, and (2) you are under the regular care of a doctor.

12. The LTD Plan defines Material and Substantial Duties to mean, duties that (1) are normally required for the performance of your regular occupation; and (2) cannot be reasonably be omitted or modified, except that if you are required to work on average in excess of 40 hours per week, Prudential will consider you able to perform that requirement if you are working or have the capacity to work 40 hours per week.

13. The LTD Plan defines Gainful Occupation to mean an occupation, including self-employment, that is or can be expected to provide you with an income within 12 months of your return to work, that exceeds: (1) 60% of your indexed monthly earnings if you are working; or (2) 60% of your monthly earnings if you are not working.

14. HENRIKSEN's claim is currently under the Gainful Occupation standard of disability.

15. HENRIKSEN discontinued working on September 7, 2012, and filed a claim for benefits with PRUDENTIAL.

16. Following the 180 day elimination period LTD Benefits became effective March 7, 2013.

17. PRUDENITAL continued to pay LTD Benefits under the Own Occupation definition of disability from March 7, 2013 to March 7, 2015.

18. On March 4, 2015, PRUDENTIAL advised HENRIKSEN that it was terminating his claim for benefits as PRUDENTIAL had determined that HENRIKSEN was not disabled under the Gainful Occupation standard of disability.

19. HENRIKSEN appealed this adverse determination on September 28, 2015.

20. PRUDENTIAL upheld its denial on October 30, 2015.

21. HENRIKSEN filed a voluntary second appeal on January 5, 2016, providing additional objective medical evidence to support his claim for LTD benefits, which included a Functional Capacity Evaluation that found HENRIKSEN did not have the physical ability to work; as well as a vocational analysis that refuted the findings of PRUDENTIAL's prior report.

22. Despite the additional evidence of disability, PRUDENTIAL upheld its

denial of LTD Benefits on January 29, 2015.

23. HENRIKSEN has exhausted his administrative remedies.

24. PRUDENTIAL breached the LTD Plan and violated ERISA in the following respects:

a. Failing to pay LTD benefits to HENRIKSEN at a time when PRUDENTIAL and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as HENRIKSEN was disabled due to a physical medical condition; is unable to work and therefore entitled to benefits.

b. After HENRIKSEN's claim was denied in whole or in part, PRUDENTIAL failed to adequately describe to HENRIKSEN any additional material or information necessary for HENRIKSEN to perfect her claim along with an explanation of why such material is or was necessary.

c. PRUDENTIAL failed to properly and adequately investigate the merits of HENRIKSEN's disability claim and failed to provide a full and fair review of HENRIKSEN's claim.

25. HENRIKSEN believes and alleges that PRUDENTIAL wrongfully denied his claim for LTD Benefits under the LTD Plan by other acts or omissions of which HENRIKSEN is presently unaware, but which may be discovered in this future litigation and which HENRIKSEN will immediately make PRUDENTIAL aware of once said acts or omissions are discovered by HENRIKSEN.

26. As a proximate result of the aforementioned wrongful conduct of PRUDENTIAL under the LTD Plan, HENRIKSEN has damages for loss of disability benefits in a total sum to be shown at the time of trial.

27. As a further direct and proximate result of this improper determination regarding HENRIKSEN's claims for benefits, HENRIKSEN, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), HENRIKSEN is entitled to have such fees and costs paid by PRUDENTIAL.

28. The wrongful conduct of PRUDENTIAL has created uncertainty where none should exist; therefore, HENRIKSEN is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the LTD Plan.

**REQUEST FOR RELIEF**

WHEREFORE, Garth Henriksen prays for relief against the Prudential Insurance Company as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: February 12, 2016

ATTORNEYS DELL AND SCHAEFER,
CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
(954) 620-8300

__/s/ *Stephen F. Jessup*_________
STEPHEN F. JESSUP, ESQUIRE
Florida Bar No.: 0026264
Email: stephen@diattorney.com